### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUN OWNERS OF AMERICA, INC.<br>8001 Forbes Place<br>Suite 202<br>Springfield, VA  22151<br><br>and<br><br>GUN OWNERS FOUNDATION<br>8001 Forbes Place<br>Suite 202<br>Springfield, VA  22151<br><br>     Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street, N.W.<br>Washington, DC 20522<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Gun Owners of America, Inc. and Gun Owners Foundation bring this action against Defendant United States Department of State ("DOS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

## PARTIES

3. Plaintiff Gun Owners of America is a California non-stock corporation with its principal place of business in Springfield, Virginia. Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms. Plaintiff Gun Owners Foundation is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.

4. Defendant United States Department of State is an agency of the United States Government, and is headquartered at 2201 C Street, N.W., Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 30, 2021, Plaintiffs, by counsel, submitted an FOIA request to the Department of State. A true and correct copy of Plaintiffs' FOIA is attached hereto as Exhibit "A".

6. The request to DOS sought records relating to whether the President had engaged in consultation with Congress before banning importation of firearms and ammunition manufactured in the Russian Federation, which consultation is required by 22 U.S.C. 5605(b)(1)C). *See* Exhibit "A".

7. Specifically, Plaintiffs' FOIA request sought:

(a) All records reflecting the President's "consultation with the Congress" in imposing this second round of sanctions on the Russian Federation;

(b) All records, including emails, text messages, policy papers, and any other documents referencing and/or discussing the Second Amendment right to keep and bear arms in the limited context of banning the importation of Russian ammunition and firearms.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiffs' FOIA request within 20 working days of this request, unless Defendant alleged "unusual circumstances" justifying a delayed response, in which case Defendant could claim an additional 10 days to respond, under 5 U.S.C. § 552(a)(6)(B)(i).

9. Plaintiffs' counsel was informed via email dated December 9, 2021, that DOS "will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances'…. In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices and foreign service posts." A true and correct copy of the letter is attached as Exhibit "B".

10. The extended statutory deadline permitted for "unusual circumstances" has now passsed, and Defendant has failed to provide any substantive response to Plaintiffs' FOIA request. As of the date of this Complaint, Defendant has failed to produce all responsive records or assert any claims that responsive records are exempt from production.

11. Since Defendant failed to comply with the time limit set forth in 5 U.S.C. § 5 U.S.C. § 552(a)(6)(B)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

12. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

13. Plaintiffs reallege paragraphs 1 through 12 *supra* as though fully set forth herein.

14. DOS has failed to process and make a determination regarding Plaintiffs' November 30, 2021 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

15. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gun Owners of America, Inc. and Gun Owners Foundation request that the Court grant all appropriate relief for the violation of FOIA alleged above, including:

    a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' request;

    b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

    c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiffs' FOIA request;

d. Attorneys' fees and costs to Plaintiffs pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: March 18, 2022

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
stephen@sdslaw.us
601-852-3440
DC District Court Bar# MS0009

Robert J. Olson
(D.C. Bar No. 1029318 )
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiffs*
GUN OWNERS OF AMERICA, INC.
GUN OWNERS FOUNDATION